In the Matter of SHELDON GOLDKLANG, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department,. March 2, 1990

### APPEARANCES OF COUNSEL

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*Donald E. Humphrey* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law as an attorney by this court on April 24, 1974.

In this proceeding the respondent was charged with profes-

sional misconduct including neglecting a legal matter entrusted to him for a period of approximately 2½ years (Charge One), failing to cooperate with the lawful investigation of the Grievance Committee concerning the complaint that formed the basis of Charge One (Charge Two), neglecting an estate matter entrusted to him including a failure to timely file the New York State estate tax form and a four-month delay in paying the funeral bill (Charge Three), and failing to cooperate with the lawful investigation of the Grievance Committee concerning the complaint that formed the basis of Charge Three (Charge Four).

The Special Referee sustained Charges One, Two and Four, and failed to sustain Charges Three and Six. Charge Five was dismissed. The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee and the respondent cross-moves to confirm said report.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee to the extent that he sustained Charges One, Two and Four and failed to sustain Charge Six. We disagree with the Special Referee's failure to sustain Charge Three. We find the respondent is guilty of all of the misconduct outlined above (Charges One, Two, Three and Four). The petitioner's motion should be granted to the extent that it seeks to confirm the sustaining of Charges One, Two and Four, and to the extent that it sought to disaffirm the failing to sustain Charge Three, and should be otherwise denied. The respondent's cross motion should be granted to the extent indicated above and otherwise denied.

In determining an appropriate measure of discipline to be imposed, we note the respondent's May 1987 sanction for his failure to cooperate with the lawful investigation of the Grievance Committee and similar findings in the present proceeding, as well as two findings of neglect, warrant suspension. Accordingly, the respondent is suspended from the practice of law for a period of one year commencing April 1, 1990, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to sustain Charges One through Four, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm the

report of the Special Referee is granted except as to Charge Three which we sustain; and it is further,

Ordered that the respondent, Sheldon Goldklang, is hereby suspended from the practice of law for a period of one year, commencing April 1, 1990, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Sheldon Goldklang is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.